Tbe opinion of tbe Court was delivered by
WhitNER, J.
Tbe recovery of tbe penalty under an ordinance of Council is resisted in tbis case on tbe ground, tbat tbe process issued before tbe offence was committed. Tbe commencement of tbe suit is alleged to have been at tbe date of tbe test of tbe process. In tbis particular there is no difference in form or effect between process issued from tbe City Court and tbe Court of Common Pleas in tbis State. Act of Assembly, 1842, 11 Stat. 248. Without recurring to previous legislation, since the Act of Assembly, 1825, (7 Stat. 330,) writs and process are issued from tbe Court of Sessions and Common Pleas, bearing test on any day previous to tbe day on which they are made returnable. If tbe ground taken was well founded, it would prove tbat more perhaps than half tbe process issued since 1825, and more than nine-ten tbs previously, when tbe test was from preceding term, would have been obnoxious to tbe objection, at least since tbe day in 2 Burr. 962; and perhaps for a century before: tbe test is regarded as mere matter of form and the commencement of tbe suit is dated from tbe lodgement of tbe process. In tbis instance we are informed, though not stated in tbe brief, tbe process was lodged in sheriff’s office, 20th May, 1856, and tbe offence was committed 4th May, 1856.
Tbe second ground rests upon an alleged release or waiver of tbe penalty by tbe license granted in July, 1856, covering tbe period which intervened from tbe 1st of April 1856, to 1st April next ensuing. Tbe ground is well taken under tbe authority of tbe case, City Council vs. Corlies, 2 Bail. 189 ; unless avoided by tbe ordinance of 1836, Sec. 25, (Oit. Ord. 224,) which has been adopted since tbe decision of tbe case *346 •in Bailey.' By that ordinance it is provided “ that after any suit shall have been commenced for the penalty for selling without a license, no person shall be permitted to take out a license without paying such penalty, and should such license be’granted the penalty shall not thereby be remitted.” We think the cause presented is precisely as though this part of the ordinance had been incorporated in the license. We concur therefore with the Recorder in the view that the presumption of a release could not arise in the face of an express declaration to the contrary, and constituting a term of the contract itself and doubtless well understood by the defendant. The course of proceeding indicated by the form of such licenses, referring to a day passed, has many objections, at least in the judgment of some members of the Court. A further examination however is not now called for. The motion to set aside the verdict is dismissed.
WaRDLAW, Withers and Mustro, JJ., concurred.

Motion dismissed.